**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4843-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHN W. DANIELS,

     Defendant-Appellant.

_____

Submitted March 25, 2019 – Decided April 16, 2019

Before Judges Gooden Brown and Rose.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 17-10-1394.

Joseph E. Krakora, Public Defender, attorney for appellant (Marcia H. Blum, Assistant Deputy Public Defender, of counsel and on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica L. do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following the denial of his appeal to the Law Division of the prosecutor's rejection of his application for admission into the Pre-trial Intervention Program (PTI),[1] defendant John W. Daniels entered a negotiated guilty plea to one count of third-degree bad checks, N.J.S.A. 2C:21-5. He was sentenced to a one-year probationary term, conditioned upon the payment of $3750 in restitution to the victim, C.V. Challenging his rejection from PTI, defendant appeals from the judgment of conviction entered by the trial court on May 30, 2018, raising the following single argument for our consideration:

> THE PROSECUTOR'S DECISION TO DENY DEFENDANT PTI CONSTITUTES A PATENT AND GROSS ABUSE OF DISCRETION AND SUBVERTS THE GOALS OF PTI.

We disagree and affirm.

The allegations leading to defendant's arrest, indictment, and PTI application were summarized by the PTI judge as follows:

---

[1] "PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Roseman, 221 N.J. 611, 621 (2015) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). "[A]cceptance into PTI is dependent upon an initial recommendation by the Criminal Division Manager and consent of the prosecutor." Ibid. "The assessment of a defendant's suitability for PTI must be conducted under the Guidelines for PTI provided in Rule 3:28, along with consideration of factors listed in N.J.S.A. 2C:43-12(e)." Ibid.

[O]n two occasions in January and February of 2016[,] . . . defendant borrowed a total of [$3750] from C.V. As of June 2016, . . . defendant had not paid C.V. . . . [D]efendant told C.V. he would pay him [$4000] to reconcile the debt. On September 9[], 2016[,] C.V. received a check from . . . defendant[,] . . . which was returned unpaid. Shortly thereafter[,] . . . defendant sent another check to C.V. for [$4000]. On November 11, 2016[,] the second check was returned unpaid and the reason noted was that it was on a closed account. C.V. then brought the matter to the attention of the police.

On October 5, 2017[,] a Monmouth County grand jury charged . . . defendant with one count of third-degree theft by deception and two counts of third-degree bad checks. On October 23, 2017[,] . . . defendant applied to PTI. On December 3, 2017[,] the Prosecutor's Office issued a memorandum rejecting the application into PTI. And on January 5[], . . . 2018[,] . . . defendant filed this appeal.

The prosecutor's memorandum rejecting defendant's PTI application relied, in part, on the PTI Director's rejection. The PTI Director acknowledged that defendant, then "a [forty-nine] year old married father of two," was highly educated, having "earned an MBA from Temple University Fox School of Business in 2000[,]" and "employed as a Director of Finance for Invivo." However, in determining that defendant was unsuitable for PTI, the Director explained:

The victim was strongly opposed to . . . defendant's admittance, stating that . . . defendant is a former friend

A-4843-17T3

> who failed to repay him a [$3750] loan for the past two years. A review of . . . defendant's criminal history revealed that . . . defendant has been charged with [t]heft by [d]eception, [b]ad [c]hecks, and [f]orgery in the past, which was later dismissed. While . . . defendant is gainfully employed and has lived as a productive member of society, he displayed no remorse for the offense and exhibited very little urgency to pay back a friend who helped him in a time of need. During [the PTI] interview[,] . . . defendant . . . proved to be difficult and expressed disdain for standard questions that are asked of all PTI applicants. He failed to abide by strict deadlines when verifying documentation and will likely continue this behavior towards his supervising officer. Therefore, . . . a stricter form of supervision is warranted.

The prosecutor's rejection memorandum also relied on N.J.S.A. 2C:43-12(e)(1) ("[t]he nature of the offense"); N.J.S.A. 2C:43-12(e)(2) ("[t]he facts of the case"); N.J.S.A. 2C:43-12(e)(3) ("[t]he motivation and age of the defendant"); and N.J.S.A. 2C:43-12(e)(4) ("the desire of the . . . victim to forego prosecution"). Regarding N.J.S.A. 2C:43-12(e)(1) and (2), the prosecutor elaborated that even accepting defendant's contention that "the failure to pay back the initial loan should be seen as a minor, civil matter[,] . . . [d]efendant's repeated efforts to swindle the victim by providing worthless checks off closed accounts constitutes conduct that should not be rewarded."

Regarding N.J.S.A. 2C:43-12(e)(3), the prosecutor stated:

4

> Defendant has obstructed and made a difficult situation worse. Bouncing one check is too much. Two checks demonstrates a concerted effort to frustrate the victim. During the initial investigation and the pendency of these charges, . . . [d]efendant had opportunities to make the victim whole and close this matter. He chose not to.

Referring to defendant's behavior during his PTI interview, the prosecutor added defendant "is simply not motivated to address these concerns and therefore should not be permitted the benefit of diversion." As to N.J.S.A. 2C:43-12(e)(4), the prosecutor stated "[t]he victim has expressed his opposition to PTI," and "[t]hat opposition should be granted substantial weight."

Additionally, the prosecutor considered Rule 3:28, Guideline 1(b)[2] ("recogniz[ing] that diversion in appropriate circumstances can serve as sufficient sanction to deter future criminal conduct"); and Guideline 1(c) ("provid[ing] for the use of PTI as a mechanism for minimizing penetration into the criminal process for broad categories of offenders accused of 'victimless crimes[]'"). However, as to the latter, the prosecutor stressed that "[d]efendant's actions created a victim." After acknowledging the "mitigating information" in

---

[2] Rule 3:28 has since been repealed in part and reallocated to Rules 3:28-2, -3, -5, -6, -7, -8, and -10, effective July 1, 2018. Pressler & Verniero, Current N.J. Court Rules, R. 3:28 (2019). Because these new Rules were not in effect when defendant's application was considered by the PTI Director, prosecutor, and trial court, we apply the standards in effect at that time.

A-4843-17T3

"the PTI application and discovery," including defendant's education and employment, the prosecutor nevertheless "object[ed] to [defendant's] admission."

At the PTI hearing, the judge summarized defendant's position as follows:

> [D]efendant argues that his rejection should be reversed because the [p]rosecutor abused his discretion. . . . [D]efendant argues that the [p]rosecutor erroneously found that . . . defendant's gainful employment, education, and lack of criminal record did not outweigh the negative factors against . . . defendant's admission into PTI.
>
> . . . [D]efendant asserts that the nature of the crime was not violent, he only borrowed money from a friend during a difficult time. . . . [D]efendant said that [he is] [forty-nine] years old, has almost no criminal history, and [he is] motivated to complete the PTI program. . . . [D]efendant highlighted several positive factors that he believes the [p]rosecutor should have considered, which include the current offense is an isolated incident, the [S]tate offered . . . defendant a non-custodial probationary term, [and] . . . defendant would be able to pay restitution if he were admitted into PTI.
>
> . . . [D]efendant asserts that the [p]rosecutor did not comprehend the difficulty of making restitution while supporting a family during a period of unemployment. There is a civil judgment against . . . defendant for the entire amount . . . of restitution, which . . . defendant has been unable to pay.
>
> . . . [D]efendant argues that the [p]rosecutor, in denying him PTI on the basis that he [cannot] afford to

6

pay restitution is wholly unfair. . . . [D]efendant argues that his rejection subverts the goals underlying PTI. . . . [D]efendant's life would be negatively impacted by having a felony on his record.

.... [D]efendant asserts that the [p]rosecutor erred in judgment because the [p]rosecutor did not weigh all of the factors correctly and almost all of the factors weigh in favor of PTI.

In rejecting defendant's arguments, the judge determined "the [p]rosecutor considered all relevant factors" and defendant failed "to overcome the heavy burden placed upon a defendant seeking to overturn a [p]rosecutor's PTI determination." The judge explained that defendant simply "disagree[d] with the [p]rosecutor's decision" but "that disagreement does not warrant reversal." Finding no "patent and gross abuse of discretion by the [p]rosecutor[,]" or that the decision was arbitrary, capricious, or unreasonable, the judge denied defendant's appeal, entered a memorializing order, and this appeal followed.

Deciding whether to permit a defendant to divert to PTI "is a quintessentially prosecutorial function," State v. Wallace, 146 N.J. 576, 582 (1996), for which a prosecutor is "granted broad discretion." State v. K.S., 220 N.J. 190, 199 (2015). It involves the consideration of the non-exhaustive list of seventeen statutory factors, enumerated in N.J.S.A. 2C:43-12(e), in order to "make an individualized assessment of the defendant considering his or her

A-4843-17T3

amenability to correction and potential responsiveness to rehabilitation." Roseman, 221 N.J. at 621-22 (internal quotation marks omitted) (quoting State v. Watkins, 193 N.J. 507, 520 (2008)). The Supreme Court's Guidelines accompanying Rule 3:28 work in harmony with the seventeen individual factors listed in N.J.S.A. 2C:43-12(e).

That said, the scope of our review of a PTI rejection is severely limited and designed to address "only the 'most egregious examples of injustice and unfairness.'" State v. Negran, 178 N.J. 73, 82 (2003) (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)). "In order to overturn a prosecutor's rejection, a defendant must 'clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion[,]'" meaning that the decision "has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention." Watkins, 193 N.J. at 520 (first quoting State v. Watkins, 390 N.J. Super. 302, 305-06 (App. Div. 2007); and then quoting Wallace, 146 N.J. at 583).

In that regard, an abuse of discretion has occurred where it can be proven "that the [PTI] denial '(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors,

or (c) amounted to a clear error in judgment[.]'" State v. Lee, 437 N.J. Super. 555, 563 (App. Div. 2014) (quoting State v. Bender, 80 N.J. 84, 93 (1979)). "In order for such an abuse of discretion to rise to the level of 'patent and gross,' it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying [PTI]." Roseman, 221 N.J. at 625 (quoting Bender, 80 N.J. at 93). "The extreme deference which a prosecutor's decision is entitled to in this context translates into a heavy burden which must be borne by a defendant when seeking to overcome a prosecutorial veto of his [or her] admission into PTI." State v. Kraft, 265 N.J. Super. 106, 112 (App. Div. 1993).

Applying these principles here, we find no basis to disturb the PTI judge's decision sustaining the prosecutor's veto, a decision we review de novo. See State v. Denman, 449 N.J. Super. 369, 375-76 (App. Div. 2017). Defendant renews his "disagree[ment] with the prosecutor's finding that factors (1) through (4) weigh against his admission[,]" arguing the prosecutor's decision "constituted a patent and gross abuse of discretion." Defendant maintains that given the absence of a criminal record, his education and gainful employment, neither the nature of the offense, the facts of the case, nor his motivation provided a basis for denying him the benefits of PTI. However, when balanced against the factors the prosecutor considered, we cannot conclude the

prosecutor's decision represented any abuse of discretion, let alone a patent and gross abuse of discretion.

Defendant also argues the prosecutor failed to consider his "personal problems that resulted in this offense, . . . in particular the fact that [he] had lost his job and his husband[,]" as well as the fact that he "was prepared to commit to an order of full restitution[.]" However, "[a]bsent evidence to the contrary, it is [to be] presumed that the prosecutor considered all relevant factors before rendering a decision." State v. Dalglish, 86 N.J. 503, 509 (1981). "The question is not whether we agree or disagree with the prosecutor's decision, but whether the prosecutor's decision could not have been reasonably made upon weighing the relevant factors." Nwobu, 139 N.J. at 254. We conclude defendant failed to clearly and convincingly establish that the prosecutor's decision went so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require our intervention.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4843-17T3